OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Souers.
[Cite as Disciplinary Counsel v. Souers (1993),      Ohio St.3d      .]
Attorneys at law -- Conplaint against judge charged with violating Canon 3(A)(6) of the Code of Judicial Conduct dismissed, when -- Supreme Court cannot discipline respondent for conduct the canon expressly authorizes.
(No. 92-2531 -- Submitted March 9, 1993  --  Decided May 12, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 91-01.

Respondent, Loren E. Souers, Jr., Attorney Registration No. 0018527, has been a judge of the Canton Municipal Court since 1982. In a complaint filed February 13, 1991, relator, Office of Disciplinary Counsel, charged that respondent had violated, inter alia, Canon 3(A)(6) of the Code of Judicial Conduct, which generally prohibits a judge from making public comments about any pending or impending court proceeding. The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on May 1, 1992.

The panel found that respondent violated Canon 3(A)(6) first during a hearing held on June 1, 1990, after the court of appeals remanded a pandering obscenity conviction due to his sentencing order. The court of appeals had held that respondent's order was not final and appealable because it did not impose a specific sentence with certainty. On remand, respondent was directed to conduct "further proceedings according to law." At the June 1 hearing, however, respondent told the parties in the criminal case that he would not issue another judgment entry.

The panel found three further violations of Canon 3(A)(6) based on comments respondent made to reporters in July 1990 that were later broadcast or published. Respondent made the first of these comments after a reporter for a Canton radio station advised him, during a recorded telephone interview, that the court of appeals had just issued a second order that could mean the "discharge" of the criminal conviction in the

case remanded earlier. When asked his opinion of the ruling, respondent replied, "this is ludicrous," or words to that effect. Later in the same interview, when discussing the procedural point made in the court of appeals' ruling, respondent implied his disapproval, stating, "[i]t would be nice if the Court of Appeals could get to the merits of this case."

Respondent made the other comments to two staff writers for a Canton newspaper. To one of the writers, he said, "[i]t is unfortunate that we can't get to the final issue in this case." Respondent also suggested that he might respond to the court of appeals' ruling independently of any response made by the parties in the case. To the other staff writer, respondent asserted that he did not intend to do anything to correct the error the court of appeals identified.

The panel recommended that respondent be publicly reprimanded for his actions. The board adopted the panel's findings and its recommendation.

J. Warren Bettis, Disciplinary Counsel, and Dianna L. Chesley, Assistant Disciplinary Counsel, for relator.

Yost & Yost and Stephen T. Yost; Gottfried & Palmer Co., L.P.A., and Gary J. Gottfried, for respondent.

Per Curiam. We reject the board's conclusions of law and recommendation for two reasons. First, Canon 3(A)(6) permits public judicial comment to explain court procedure.1 Respondent's defense of his sentencing order, while less than judicious, was provided to publicly explain his procedure in the underlying criminal case. Thus, we cannot discipline respondent for conduct the canon expressly authorizes.

Second, neither respondent's attempt to defend his order nor his articulated reluctance to comply with the court of appeals' ruling is sufficiently pernicious to justify any disciplinary sanction. Respondent's disagreement with the court of appeals' disposition was already suggested from each court's judgment. Moreover, respondent ultimately did file a second sentencing order as the court of appeals instructed.

Gov.Bar R. V(8)(D) requires us to enter the order we find proper in all disciplinary matters that come before us. In this case, we consider a dismissal of the complaint against respondent the only just result. Thus, we take no disciplinary action and dismiss the instant complaint.

Judgment accordingly.

A.W. Sweeney, Acting C.J., Wright, Resnick and Pfeifer, JJ., concur.

F.E. Sweeney, J., dissents and would order a public reprimand.

Moyer, C.J., and Douglas, J., not participating.

FOOTNOTE
1    Canon 3(A)(6) states, in full:
"A judge should abstain from public comment about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his direction and control. This subsection does not prohibit judges from making public statements in the course of

their official duties or from explaining for public information the procedures of the court."  (Emphasis added.)

Pfeifer, J., concurring.  I concur in the majority's decision to dismiss the complaint against respondent.  In finding that respondent violated Canon 3(A)(6), the board crossed the bright line marking respondent's First Amendment right to speak freely.